**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4046**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY JERROD TEMONEY,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  James C. Dever III, District Judge.  (4:21-cr-00074-D-1)

---

Submitted:  March 31, 2025                      Decided:  June 26, 2025

---

Before HARRIS and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed in part, affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:** William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Jerrod Temoney appeals his conviction and 186-month sentence imposed following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  On appeal, Temoney's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether trial counsel was ineffective for failing to meet with him to review the presentence report, refusing to request a continuance, and failing to object to the drug amount and leadership enhancement.  Temoney has filed a pro se supplemental brief claiming ineffective assistance of trial counsel and alleging that his guilty plea was involuntary.  The Government has declined to file a brief but has moved to dismiss based on the appeal waiver in Temoney's written plea agreement.  This court issued a Notice directing the parties to address the impact of former President Biden's recent commutation of Temoney's term of imprisonment.  For the reasons discussed below, we dismiss in part and affirm in part.

First, having considered the parties' responses to the court's Notice, we grant the motion to dismiss the appeal in part as moot with respect to the 186-month term of imprisonment in light of the Executive Grant of Clemency commuting Temoney's total sentence of imprisonment to expire on July 16, 2025, and leaving intact the supervised release term.

Next, Temoney asserts that this plea was involuntary because he was coerced into pleading guilty and received incorrect advice about his sentencing exposure before

2

pleading guilty. Because Temoney did not move to withdraw his plea or otherwise object to the adequacy of the Rule 11 hearing in the district court, this court reviews the validity of his guilty plea for plain error only. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). Having thoroughly reviewed the record, we find that Temoney's plea was knowing and voluntary and that the district court fully complied with Rule 11. We are also satisfied that Temoney was competent to enter his guilty plea and that his guilty plea was knowing, voluntary, and supported by an independent factual basis. We thus affirm Temony's conviction.

Turning to the ineffective assistance claims raised by both counsel and Temoney, we review de novo ineffective assistance of counsel claims made on direct appeal and "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (alteration and internal quotation marks omitted); *see United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) ("Unless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal."). Because we conclude that any ineffective assistance by trial counsel does not appear on the face of the present record, the ineffective assistance claims are not cognizable on direct appeal. Temoney should thus present these claims, if at all, in a 28 U.S.C. § 2255 motion to permit sufficient development of the record. *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious grounds for appeal. We therefore grant the Government's motion to

3

dismiss the appeal of Temoney's 186-month prison term as moot and affirm the remainder of the district court's judgment. This court requires that counsel inform Temoney, in writing, of the right to petition the Supreme Court of the United States for further review. If Temoney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Temoney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*